United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE GOMIS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendant(s). | No. C 08-02276 JW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 3) |

On May 1, 2008, plaintiff, a state detainee proceeding pro se, filed a single page, handwritten document with the words "civil complaint" inscribed therein. No other forms were filed with this single page document. Plaintiff has filed a motion (Docket No. 3) for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

The information provided in this complaint is not sufficient to determine whether plaintiff has meritorious claims against the named defendants. Plaintiff lists ten defendants: United States of America, U.S. Department of State, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, U.S. Postal Services, California State, Yuba County Board of Supervisors, Yuba

Order of Dismissal with Leave to Amend; Granting IFP
G:\PRO-SE\SJ.JW\CR.08\Gomis02276_dwlta.wpd

County Sheriff Department, Yuba County Jail, and Marysville City, California. The grounds for the complaint is stated as "emotional and physical injuries infliction [*sic*] from June 2005 to current while under kidnap[]ing (to be detailed) [*sic*]," and the jurisdiction as "under Torture Victim Protection Act, FTCA, etc.".

Plaintiff has failed to state a claim under the Torture Victim Protection Act of 1991 ("TVPA"), 106 Stat. 73 (1992). The TVPA allows the filing of civil complaints against individuals who, acting "under actual or apparent authority, or color of law, of any foreign nation," committed torture and/or extrajudicial killing, and holds them liable for damages resulting therefrom. Id. It cannot be said that the defendants named in this action are individuals who are acting under the authority of a foreign nation. Nor are plaintiff's general claims of "emotional and physical injuries" sufficient to state a claim that he was a victim of torture.

Plaintiff's complaint is also deficient in stating a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Liability under the FTCA is imposed "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff has made no allegation of tortious conduct by an employee of the United States that resulted in his injuries. Naming the "United States" or any of its agencies as a defendant is not sufficient.

The only cause of action remaining to plaintiff is if the Court liberally construes the claims under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff has failed to state a claim under § 1983 for he has failed to allege violations of a right secured by the Constitution or laws of the United States and that the alleged violations were committed *by a person* acting under the color of state law. See West, 487 U.S. at 48 (emphasis added). Plaintiff must identify individual state actors as defendants and set forth specific facts as to each defendant's conduct that proximately caused a violation of his federally protected rights. See Leer, 844 F.2d at 634. Plaintiff has not done so. Accordingly, this action is DISMISSED WITH LEAVE TO AMEND to attempt to allege cognizable claims pursuant to § 1983 in accordance with this order.

**CONCLUSION**

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date of this order, plaintiff may file an AMENDED

United States District Court
For the Northern District of California

COMPLAINT using the court's form civil rights complaint. Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 08-02276 JW (PR)), and the phrase "**AMENDED COMPLAINT**."

2. The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.

3. Plaintiff's motion to proceed in forma pauperis (Docket No. 3) is GRANTED. The total filing fee that will ultimately be due is $350.00. Funds for the filing fee will be taken from income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions will be sent to plaintiff, the prison trust account office, and the court's financial office.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The clerk shall enclose a copy of the court's form complaint with this order to the plaintiff.

**FAILURE TO FILE A TIMELY RESPONSE IN ACCORDANCE WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED: May 20, 2008

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.
>
> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc: Plaintiff
Finance Office

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE GOIMS,

Plaintiff,

v.

U.S.A., et al.,

Defendants.
______________________________________/

Case Number: CV08-02276 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/22/208, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antoine Gomis 1704049
The Lerdo Pre-trial Facility
17695 Industrial Farm Rd
Bakersfield, Ca 93308-9563

Dated: 5/22/2008

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name ______________________________________________

(Last) (First) (Initial)

Prisoner Number ______________________________________

Institutional Address ___________________________________

_____________________________________________________

===========================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

______________________________ )
(Enter the full name of plaintiff in this action.) )
)
vs. ) Case No. ____________
) (To be provided by the Clerk of Court)
______________________________ )
______________________________ ) **COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
______________________________ ) **Title 42 U.S.C § 1983**
______________________________ )
(Enter the full name of the defendant(s) in this action) )
_____________________________________ )

***[All questions on this complaint form must be answered in order for your action to proceed..]***

I. Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement ______________________

B. Is there a grievance procedure in this institution?

YES ( ) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES ( ) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal ________________________________________________
____________________________________________________________
____________________________________________________________

2. First formal level________________________________________________
____________________________________________________________
____________________________________________________________

3. Second formal level______________________________________________
____________________________________________________________
____________________________________________________________

4. Third formal level _______________________________________________
____________________________________________________________
____________________________________________________________

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ( ) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.______________________________________________________________
______________________________________________________________________
______________________________________________________________________

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

______________________________________________________________________

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

________________________________________________________________________________

________________________________________________________________________________

________________________________________________________________________________

____________________________________________________________

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ____________ day of ______________________, 20_____

______________________________________________

(Plaintiff's signature)